## APPEAL OF WHEELER LUMBER BRIDGE & SUPPLY CO.

Docket No. 4824.    Decided October 29, 1926.

The Commissioner's action in reducing the petitioner's invested capital by $321,300, approved.

*K. N. Parkinson, Esq.*, for the petitioner.
*M. N. Fisher, Esq.*, for the Commissioner.

This appeal is from the determination of a deficiency of $4,427.55 in income and profits taxes for the fiscal years ended November 30, 1919, and November 30, 1920. The error alleged is that the Commissioner reduced invested capital for the years in question by the amount of $321,300, on the ground that there was a reorganization in 1915 such as would affect the invested capital of the company.

### FINDINGS OF FACT.

The Wheeler Lumber Bridge & Supply Co. was organized under the laws of the State of West Virginia in the year 1908, $471,300 of its capital stock being outstanding on August 31, 1915. It was engaged in buying and selling timber and timber products, lumber, building materials, and fuel. It was also engaged in buying timber, logs, etc., and it owned and operated mills for the purpose of manufacturing lumber.

In 1912 a fire occurred which practically destroyed the entire mill and yards. The company did not carry sufficient insurance to cover the loss sustained as a result of the fire. Consequently, it was so badly crippled, as a result of the enormous loss, that it was unable to rebuild its plant, nor could it operate on a profitable basis for several years after the fire. Operations, however, were continued until 1915, when the stockholders decided the business could never be operated on a profitable basis unless a change was made. Accordingly, it was decided to reduce the par value of the capital stock of the company by an amount sufficient to wipe out the then existing deficit. It was also decided, at the time of making this change in the capital stock of the company, to obtain a new charter under the

laws of the State of Iowa. In 1915 the deficit of the company, according to the books of account, amounted to $321,300. Capital stock was therefore reduced by this amount. Besides reducing its capital stock by an amount equal to the then existing deficit, the company surrendered its West Virginia charter and took out a charter under the laws of the State of Iowa.

No change was made in the books of account of the company at the time of the reduction of the capital stock and the obtaining of a new charter under the laws of the State of Iowa, nor was there any change in the method of keeping the books. The officers of the company were the same as before. The company continued to do business in the same way as previously, maintaining the same officers and employees. The percentages of stockholdings remained approximately the same.

OPINION.

MORRIS: On the facts, as hereinabove set forth, the question is raised whether the Commissioner's action in reducing the petitioner's invested capital by $321,300 for the taxable years in question was correct. There is no doubt but that there was a reduction of $321,300 in the actual value of the property turned in to the new corporation. Under section 326 of the Revenue Act of 1918, invested capital includes the actual cash value of tangible property paid in for stock at the time of such payment.

Counsel for the petitioner contends, however, that the invested capital of the new corporation should be the same as that of the old, in that the reorganization was merely one in form, and that the substance of the transaction, rather than the form, should be determinative of the issue. He argues that after the reorganization the net value of the stockholders' interest was neither more nor less than before, nor, in fact, were the assets of the corporation itself greater or less; that there was no segregation of a loss to the stockholders, and, there being no loss to the stockholders, and the loss not being of such a nature as to reduce invested capital, invested capital stands as before. This argument reduces itself to the proposition that, for the purposes of invested capital, the petitioner should not be considered a new corporation but a continuation of the old. With that conclusion we can not agree. The Supreme Court, in *Marr* v. *United States*, 268 U. S. 536, 541, after commenting on the case of *Weiss* v. *Stearn*, 265 U. S. 242, said:

In the case at bar, the new corporation is essentially different from the old. A corporation organized under the laws of Delaware does not have the same rights and powers as one organized under the laws of New Jersey. Because of these inherent differences in rights and powers, both the preferred

and the common stock of the old corporation is an essentially different thing from stock of the same general kind in the new.

The petitioner was not only incorporated under the laws of a different State, but there was a change in the amount of its authorized capital stock. In view of the above opinion and section 326 of the Revenue Act of 1918, we are satisfied that the action of the Commissioner in reducing the petitioner's invested capital by $321,300 was correct.

*Judgment will be entered for the Commissioner.*